FLORIMOND REALTY COMPANY, INC., *vs.* ALICE M. WAYE.

SAME *vs.* ELIZABETH B. PAYNE.

Suffolk.   May 28, 1929. — September 11, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Jurisdiction,* Specific performance, Retention for assessment of damages. *Fraud. Contract,* Performance and breach. *Evidence,* Competency, Extrinsic affecting writing.

If the plaintiff in a suit in equity for specific performance of a contract in writing has acted in any way touching the transaction contrary to the dictates of common honesty, specific performance will not be granted.

A contract in writing covering the sale of real estate provided in substance that all the terms and representations made before or at the time it was made were embraced therein, that no representations, promises or agreements except as contained therein should be binding on the parties, that after acceptance of the contract by the seller it could not be cancelled, and that its validity should not be affected by any verbal or other agreement not contained therein.   The signature of the purchaser on the contract was procured through false, material representations as to the land, not known to the purchaser to be false and relied on by him in signing.   A suit in equity to require specific performance of the contract was dismissed.   *Held,* that

(1) The terms of the contract above described could not be invoked successfully in the suit in equity to prevent the court from examining all the circumstances in order to ascertain whether it was conformable to good conscience to order specific performance;

(2) It was proper to dismiss the bill.

The judge refused to retain the suit above described for the assessment of damages, and by his order a final decree was entered dismissing it without prejudice to an action at law by the plaintiff.   The plaintiff alleged exceptions.   *Held,* that the decree was a proper exercise of discretion by the court.

TWO BILLS IN EQUITY, filed in the Superior Court on August 12, 1927, for specific performance of contracts in writing.

The suits were heard by *Weed*, J.    Material facts found
and rulings made by him are stated in the opinion.    By his
order a final decree was entered dismissing each bill with
costs without prejudice to an action at law by the plaintiff.
The plaintiff alleged exceptions.

The case was submitted on briefs.

*H. W. Cole & E. K. Nash*, for the plaintiff.

*F. H. Magison*, for the defendants.

RUGG, C.J.    The plaintiff in these suits seeks specific per-
formance of two agreements in writing, one signed by each
defendant, for the purchase of land in Fort Myers, Florida.
The trial judge heard oral evidence, made findings of fact,
denied specific performance, and entered a final decree dis-
missing each bill with costs without prejudice to an action
at law by the plaintiff.    Exceptions by the plaintiff bring the
cases here.

The findings of fact are amply supported by the evidence
reported.    They must be accepted as final.    Those findings
were as follows: "The salesman was employed by the plain-
tiff on a twenty-five per cent commission, and was informed
by the plaintiff about the property . . . in Florida and was
authorized by the plaintiff to state to prospective customers
its location and condition.    Upon conflicting testimony, I
find that he represented to the defendant Payne that it was
about one and a half miles from the center of Fort Myers
and near the State Road; that the streets were laid out and
lots graded and ready for building, connected with water and
electricity; that a house was already being erected and a
schoolhouse under construction nearby; that there was a
proposed golf course nearby, and that the railroad was about
to build a station nearby.    Upon like testimony, I find that
said salesman represented to the defendant Waye that the
lots were all graded, with gas and electricity at hand, and
were ready to build on and some buildings were going up on
the property; that there was a golf course near at hand; that
the property was not more than a mile and a half from the
center of Fort Myers; that the railroad was about to build a
station near the property, and that a schoolhouse was planned

on the property near the lots which the salesmen sold her. Both women were shown a map of Fort Myers indicating the location of the property, and a plan of the plaintiff's land — about one hundred sixty acres — divided into lots, and also a number of photographs of public buildings and homes and streets in Fort Myers. The plaintiff was organized in the fall of 1925. It acquired from its promoter this tract of land, the latter having purchased it in June of that year. It was located in the southerly outskirts of the city of Fort Myers, about four miles from its center, and about two miles east of the Tamiami Trail, an improved and paved highway leading from Fort Myers to Miami. The road from said trail to the property is and was a dirt road, unpaved and wrought for travel only to the width of a vehicle. It crossed two railroads on its way to the plaintiff's land, and the section men's shanties were the only houses on the road. Florimond Manor at the time when acquired appears to have been a tract of wild land with some pines and palmettos and a brush growth. After it had been surveyed and laid off and staked into streets, avenues and small lots of about six hundred fifty to one thousand feet each, the plaintiff caused the proposed streets to be cleared and marked by ploughed furrows on either side and then a road machine was run over them, rounding them up and using the surplus material on low spots in the adjoining land. Otherwise, the lots were not graded. There was no water for domestic use, nor gas nor electricity available or within a distance of several miles. No schoolhouse was being constructed. No other buildings were being constructed. No railroad station near the property was being constructed or planned and there was no golf course nearby. The buildings, houses and streets in the photographs shown these women by the salesman were in the thickly settled parts of Fort Myers and several miles by the only available route from the plaintiff's land. Upon the evidence, I find, so far as it be material, that the said representations made by the salesman were false, were made about matters of fact concerning which the salesman was himself ignorant but as though known to him to be as represented; that in each in-

stance the defendants relied on these representations and believed them to be true and thereby were induced to sign said contracts.   Each contract expressly provides:

'All the terms and representations made prior to or at the time of the making of this contract are embraced herein.

'No representations, promises or agreements except as herein contained shall be binding on the parties hereto.

'It is understood and agreed that after acceptance by Florimond Realty Company, Inc., this contract cannot be cancelled and that its validity shall not be affected by any verbal or other agreement not contained herein.'

The misrepresentations above stated were made in the negotiations antecedent to the signing of the contracts by the defendants.   There was no contention by either defendant that she was induced to sign her contract through any misrepresentation as to its contents or meaning.   Each is a woman of intelligence and signed her contract freely."

The plaintiff excepted to the admission of all evidence tending to show false representations by its agent antecedent to making the contract.   Essential findings of fact were founded upon such evidence.   It is a settled principle of equity that a contract valid at law need not always be enforced in equity.   Specific performance is not a strict and absolute right.   It rests in sound judicial discretion.   It will not be granted if the plaintiff has acted in any way touching the transaction contrary to the dictates of common honesty.   These powers of an equity court will not be put forth in aid of conduct savoring of injustice at any stage. Where there have been misrepresentations by or in behalf of the plaintiff on a material point, or unfair or unethical manipulations, although not sufficient to invalidate a contract, specific performance may be refused.   Specific performance will be exercised only upon equitable considerations in view of all the circumstances of the particular case.   *Chute* v. *Quincy*, 156 Mass. 189, 191.   *Banaghan* v. *Malaney*, 200 Mass. 46.   *Richardson Shoe Machinery Co.* v. *Essex Machine Co.* 207 Mass. 219, 225.   *Massachusetts Bonding & Ins. Co.* v. *Peloquin*, 225 Mass. 30, 31.   *Forman* v. *Gadouas*, 247 Mass. 207, 214.   *Barrell* v. *Britton*, 258 Mass. 383, 387.   It

is impossible for the court to act intelligently with reference to all the circumstances of a particular case without knowing the facts which induced the making of the contract where those facts have relevancy.   This principle does not affect and is not inconsistent with the settled principle that, where the parties without fraud or mistake, have reduced a contract to writing, it alone is presumed to express their final conclusions, and all previous and contemporaneous oral discussions or written memoranda are assumed to have been either rejected or merged in it.   *Jennings* v. *Puffer*, 203 Mass. 534.   *Goldenberg* v. *Taglino*, 218 Mass. 357, 359. *Spevack* v. *Budish*, 238 Mass. 215, 217.   *Williams* v. *Pittsfield Lime Stone Co.* 258 Mass. 65, 68–69.   *Canton* v. *Thomas*, 264 Mass. 457, 459.   It is vain for parties to undertake by contract to bind the hands of a court in the exercise of general equity jurisdiction.   This is especially true with respect to fraud.   It is not the policy of the law or of equity to throw obstacles in the way of the proof of fraud affecting the ultimate rights of parties.   If that were not so, the great and salutary functions of a court of equity would be unduly limited.   The court deals with a petition for specific performance on general principles of equity and without constraint by narrowing contractual terms.   *Granlund* v. *Saraf*, 263 Mass. 76.

It follows from these general principles that the terms of the contract already quoted, to the effect that representations not therein contained are not binding upon the parties, cannot be invoked successfully to prevent the court from examining all the circumstances in order to ascertain whether it is conformable to good conscience to order specific performance. No one can escape the equitable consequences of his fraudulent statements inducing a contract by inserting therein a clause of this nature.   The principle on which *Colonial Development Corp.* v. *Bragdon*, 219 Mass. 170, and similar cases (see *Sullivan* v. *Roche*, 257 Mass. 166, 171, for collection of them,) rest, to the effect that a written contract freely and intelligently made, without misrepresentation as to its contents or execution, untainted by fraud as to its substance, providing that all inducing representations are therein set

forth, is binding upon the parties, is confined within narrow limits, is not to be enlarged, and does not extend to specific performance on facts like those here disclosed. See *Reagan v. Union Mutual Life Ins. Co.* 189 Mass. 555; *Holden v. Prudential Ins. Co. of America,* 191 Mass. 153, 157; *Butler v. Prussian,* 252 Mass. 265, 268; *Reinherz v. American Piano Co.* 254 Mass. 411, 421–422; *S. Pearson & Son, Ltd. v. Dublin Corp.* [1907] A. C. 351, 353–354; *Arnold v. National Aniline & Chemical Co. Inc.* 20 Fed. Rep. (2d) (C.C.A.) 364, 369. It follows that there was no error in receiving evidence of misrepresentations by the agent of the plaintiff which led the defendants to sign the contracts in question.

The findings of the judge are unequivocal to the effect that fraudulent representations of the agent of the plaintiff as to material facts induced each defendant to sign the contract here sought to be enforced specifically. On those facts specific performance was denied rightly.

Whether the cases ought to be retained for the assessment of damages rested in the sound discretion of the trial judge. His refusal to pass on the question of damages, but without prejudice to actions at law by the plaintiff, presents no error of law. *Newburyport Institution for Savings v. Puffer,* 201 Mass. 41, 47, 48, and cases there reviewed. *Booras v. Logan,* 266 Mass. 172, 175.

In each case the entry may be

*Exceptions overruled.*