Oran McCormick vs. The Proprietors of the Cemetery of Mount Auburn.

Suffolk.   November 8, 1933. — March 26, 1934.

Present: Rugg, C.J., Crosby, Field, Donahue, & Lummus, JJ.

*Contract*, In writing, Consideration, Modification, Performance and breach, Implied, Building contract. *Equity Jurisdiction*, Specific performance, Retention for assessment of damages.

By a contract in writing, a corporation which was the proprietor of a cemetery agreed with one, who had a lot therein to be used subject to the proprietor's rules and regulations, to excavate for and build a foundation and granite floor and to transport and set thereon a monument. Later it was orally agreed between an agent of the lot owner and the assistant superintendent of the corporation, who had authority so to agree, that the monument should be set several inches above the existing surface of the lot and the grade of the lot raised correspondingly. The superintendent of the cemetery, however, in knowing disregard of such oral agreement, caused the monument to be set at the existing grade. By a suit in equity, the lot owner sought specific performance of the contract in writing and of the oral agreement, and damages. *Held*, that there was a sufficient consideration to support the modified contract, without regard to the question, which mode of performance was the more onerous.

In the answer in the suit above described, the defendant stated willingness "to allow the plaintiff to go upon his lot and to make whatever alterations in said memorial, the foundation thereof and the grading and sodding of the surface of said lot that he pleases, subject only to such reasonable supervision and direction by the defendant and its agents as is necessary to protect the owners of other lots in its cemetery." The doing of the work involved skill and great care in order not to damage the stones of the monument. It appeared that a new action at law for damages would be barred by the statute of limitations. *Held*, that

(1) The plaintiff had an adequate remedy at law;

(2) Specific performance should not be decreed;

(3) The court should exercise its discretionary power and retain the suit for assessment of damages to the plaintiff.

The defendant's superintendent having acted in knowing disregard of the modified contract as to the grade of the lot, the defendant was not entitled to any recovery, based upon a counter claim in its answer, for its work in setting the monument in accordance with the contract originally made.

BILL IN EQUITY, filed in the Superior Court on October 11, 1928, and afterwards amended, seeking specific performance of the contract in writing, modified by an oral agreement, described in the opinion, and for damages.

Material allegations of the defendant's answer are described in the opinion.

After a reference to a master and the filing of reports by him, the suit was heard by *Gray*, J.  Material findings by the master, rulings by the judge as set forth in an interlocutory decree and in the final decree, are described in the opinion.  The plaintiff appealed from both decrees.

*L. K. Clark*, for the plaintiff.

*C. P. Bartlett*, for the defendant.

LUMMUS, J.  The defendant, a charitable corporation, is the proprietor of a cemetery in which private individuals may acquire title to lots to be used subject to its rules and regulations.  The plaintiff is the owner of one of the lots, and by contract with him the defendant became bound in 1924 to furnish "perpetual care" by keeping "in suitable condition and preservation the sodding or turfing" on the lot.  In 1925, the plaintiff desired to erect a costly and artistic monument to serve as a memorial for himself, for his second wife, Patti McCormick, and for his first and divorced wife, Lena McCormick.  Both women had recently died.  The monument was to consist of a central altar twelve feet in height, flanked by rectangular stones of lesser height, each of which stones was to bear the name of one of the late wives and was to be surmounted by a bronze urn.  The design and proper setting of the monument was and is a matter of great sentimental interest and value to the plaintiff.

On July 18, 1925, the defendant entered into a written contract with the plaintiff for the setting of the monument, by which the defendant agreed to excavate for and build the foundation and granite floor, and to transport and set up the monument, all for the sum of $1,148.  The contract did not show the grade of the lot or the grade at which the monument was to be set, but the parties agree that the monument was to be set back nearly twenty feet from the "avenue" on which the lot fronted.  The judge ruled that

such a contract is "fully performed when the monument is set in accordance with the plans on the lot at its existing grade and that the contract did not oblige the defendant to change the existing grade."

The master, however, had found that some days after the written contract was executed, but before the work was done, the assistant superintendent of the defendant, on behalf of the defendant, orally agreed with the plaintiff's agent that the monument should be set nearly eight inches above the existing surface of the lot, the grade of the lot being raised correspondingly; and that, by direction of the superintendent and in knowing disregard of the oral agreement, the monument was set at the existing grade. The defendant's exceptions to these findings were sustained, and thereby it was ruled in effect that they could not be considered in the decision of the case. The finding of the master in his supplemental report that the assistant superintendent was authorized to make the oral agreement relied on by the plaintiff, was permitted to stand, as was his finding that the monument is less effective in appearance than it would have been if set as the assistant superintendent agreed.

We think that the judge was in error in sustaining these exceptions to the master's report. Granted that the written contract was sufficiently complete and definite, and bound the defendant only to set the monument at the grade of the lot, it could be modified orally. By the oral agreement between the plaintiff's agent and the defendant's assistant superintendent, the defendant was relieved from the duty to set, and the plaintiff from the duty to pay for, a monument at the grade of the lot, and their respective duties were made to relate to a monument to be set at a different grade. This was a sufficient consideration to support the modified contract, without regard to the question which mode of performance was the more onerous. *Hanson & Parker, Ltd.* v. *Wittenberg*, 205 Mass. 319, 326. *Torrey* v. *Adams*, 254 Mass. 22, 26, 27. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 279. *Tashjian* v. *Karp*, 277 Mass. 42. *De Blois* v. *Boylston &*

*Tremont Corp.* 281 Mass. 498, 508, 509. *Zarthar* v. *Saliba*, 282 Mass. 558, 560. *Savage Arms Corp.* v. *United States*, 266 U. S. 217. The interlocutory decree of July 3, 1933, is to be reversed, in so far as it sustains exceptions of the defendant to the master's report.

The next question is whether the court ought to enforce specifically the contract of the defendant to set the monument at a higher level than that at which it actually was set. It has often been said that specific performance is not a matter of strict and absolute right. *Forman* v. *Gadouas*, 247 Mass. 207, 211. *Florimond Realty Co. Inc.* v. *Waye*, 268 Mass. 475, 478. *Shikes* v. *Gabelnick*, 273 Mass. 201, 207. 65 Am. L. R. 7. One reason for denying specific performance of a valid contract is stated in Am. Law Inst. Restatement: Contracts, § 371, as follows: "Specific enforcement will not be decreed if the performance is of such a character as to make effective enforcement unreasonably difficult or to require such long-continued supervision by the court as is disproportionate to the advantages to be gained from such a decree and to the harm to be suffered in case it is denied." See also Williston, Contracts, § 1423. Not want of power, but practical wisdom, stays the hand of the court. *Standard Fashion Co.* v. *Siegel-Cooper Co.* 157 N. Y. 60, 68. Where a decree for specific performance would fasten upon the court the duty of supervising over a long period work involving continuous skill and judgment, the court will not undertake the task. *Rutland Marble Co.* v. *Ripley,* 10 Wall. 339. *Arizona Edison Co.* v. *Southern Sierras Power Co.* 17 Fed. Rep. (2d) 739. *Smart* v. *Boston Wire Stitcher Co.* 50 R. I. 409. Courts have declined to enforce specifically contracts to build railroads. *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad,* 135 Mass. 34. *Ross* v. *Union Pacific Railway,* 4 Woolw. 26. See also *Texas & Pacific Railway* v. *Marshall,* 136 U. S. 393; *Prospect Park & Coney Island Railroad* v. *Coney Island & Brooklyn Railroad,* 144 N. Y. 152. But where performance will be complete within a reasonably short time, contracts have been specifically enforced

for the manufacture of chattels not requiring unusual skill (*Adams* v. *Messinger*, 147 Mass. 185), the installation of heating apparatus for the benefit of a lessee (*Jones* v. *Parker*, 163 Mass. 564), and the furnishing of heat to a tenant in an office building. *New York Central Railroad* v. *Stoneman*, 233 Mass. 258; *S. C.* 236 Mass. 81. Where specific performance of a contract to build or do work has been decreed, the land upon which the building or work was to be done has usually not been in the possession of the plaintiff. *Strauss* v. *Estates of Long Beach*, 187 App. Div. (N. Y.) 876. Of this sort are cases in which a railroad corporation has been compelled to connect the premises of the plaintiff with its system by a side track. *Brown* v. *Western Maryland Railway*, 84 W. Va. 271; 4 Am. L. R. 522.

Where the land has been in the possession of the plaintiff, and it has been open to him to have the work done and recover his damages at law, specific performance has usually been refused. *Tennessee Electric Power Co.* v. *White County*, 52 Fed. Rep. (2d) 1065. *Zygmunt* v. *Avenue Realty Co. Inc.* 108 N. J. Eq. 462. *Cartwright* v. *Oregon Electric Railway*, 88 Ore. 596. In the present case, the answer declares that "the defendant is ready and willing to allow the plaintiff to go upon his lot and to make whatever alterations in said memorial, the foundation thereof and the grading and sodding of the surface of said lot that he pleases, subject only to such reasonable supervision and direction by the defendant and its agents as is necessary to protect the owners of other lots in its cemetery." If the plaintiff has any doubt of this, opportunity may easily be given him ·to have the work done before the final disposition of the case or even the hearing as to damages. This decision is based upon the assumption that the plaintiff can have the work done. The doing of the work involves skill and great care in order not to damage the stones. The plaintiff has an adequate remedy by having the work done himself, and obtaining damages for breach of the contract. *Glazer* v. *Schwartz*, 276 Mass. 54, 59.

Although specific performance ought not to be given, this ,court has discretionary power to·order the bill retained for

assessment of the plaintiff's damages (*Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41; *Peabody* v. *Dymsza*, 280 Mass. 341; *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 125, 126, and ought to exercise that power in view of the fact that a new action at law would apparently be barred by the statute of limitations. See *Brockton Olympia Realty Co.* v. *Lee*, 266 Mass. 550, 562, 563; *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, 568; *Shikes* v. *Gabelnick*, 273 Mass. 201.

The defendant included in its answer a counterclaim, under Rule 32 of the Superior Court (1932), to obtain payment of the contract price of $1,148 for its work in setting the monument, and the plaintiff replied thereto as required by Rule 26 of the Superior Court (1932). It has already been shown that the defendant did not perform its contract, for one reason because it did not set the monument at the grade agreed. Recovery cannot be had for substantial though inexact performance (*Zarthar* v. *Saliba*, 282 Mass. 558), for the master found that the failure of the defendant to perform the contract was intentional. *Sipley* v. *Stickney*, 190 Mass. 43. *Douglas* v. *Lowell*, 194 Mass. 268. *Glazer* v. *Schwartz*, 276 Mass. 54, 57, and cases cited. It was error to give the defendant damages on its counterclaim. The final decree should have dismissed the counterclaim.

The final decree is reversed. After the plaintiff's damages have been assessed, a final decree is to be entered in favor of the plaintiff for his damages, with costs.

*Ordered accordingly.*