*Municipal Court of the
City of Boston*
No. 240650A

## LEASCO COMPUTER, INC.

v.

## FLOWERS STYLED BY SOLLI, INC.

v.

## NATIONAL CASH REGISTER COMPANY

Argued: Dec. 3, 1971     Decided: Dec. 20, 1971

*Present:* Adlow, C.J., Gillen, J., Morrissey, J.J.
Case tried to *Elam, J.*

**Adlow, C. J.** Action of contract brought by
Leasco Computer Inc. (Leasco) against Flow-

ers Styled by Solli, Inc. (Solli) to recover moneys due under a rental contract for a Model 5 NCR Control Register. The defendant Solli impleaded the National Cash Register Co. (NCR), and in its declaration in impleader seeks to recover damages resulting from misrepresentations of the agent of NCR in dealing with Solli.

The claim of Solli against NCR alleges in part that Solli signed an equipment order and sales contract with NCR, and that without the knowledge of Solli, NCR assigned and transferred the equipment order to Leasco. It further alleged that the equipment was not as represented and is totally useless for Solli's requirements. It is not necessary to recite in detail all the allegations. It is important to note that the transactions, to the extent that NCR was involved in the dealings, were handled by one R. M. Bourque, who was also the agent of Leasco, which executed a rental arrangement with Solli.

There is much evidence with respect to the representations made by this dual agent (Bourque) with respect to the capabilities of the machine as well as warranties as to its quality. Without getting involved in the respective claims of Leasco and NCR, it is sufficient for our purpose to note that

(1) The machine that was delivered to Solli was purchased from NCR by Leasco and paid for by Leasco.

(2)   A document purporting to be a rental agreement was signed by the President of Solli in favor of Leasco.

(3)   At some time after receipt of the machine, Solli notified NCR of its dissatisfaction with the machine and eventually called on them to remove it.

(4)   NCR ignored all communications and denied having ever contracted with Solli.

(5)   In these proceedings the court allowed the claim of Leasco against Solli in the amount of $3,597 and allowed the claim of Solli against NCR in the amount of $3,597, this being the same amount awarded to Leasco in its claim against Solli.

It must be apparent that the court disposed of the issue of liability on the theory that there were two contracts involved in the delivery of the cash register to Solli. Such a disposition ignores the nature of Solli's claim against NCR. In its impleader it declares that Leasco holds as assignee from NCR. If it does, it holds subject to all the defenses which Solli could raise against NCR. The assignee's rights are subject to any equities or defenses available against his assignor. *Newell* v. *Hadley*, 206 Mass. 335. Because of the dual agency pursued by Bourque in representing both NCR and Leasco, whatever representations and warranties he made were available for Solli's defense whether the action was brought by Leasco or NCR. Because of this, the impleading of

NCR served no purpose except to confuse the issue.

If the original signature of Solli was obtained by fraud or misrepresentation the cumbersome details of the contracts signed by the parties become immaterial for the reason that the entire contract is invalid. *Florimond Realty Co., Inc.* v. *Way,* 268 Mass. 475. Under these circumstances a finding in favor of Leasco cannot be reconciled with a finding against NCR. If Leasco was entitled to a finding, the conclusion is irresistible that its alleged assignor was entitled to the same. In our opinion these inconsistent findings cannot be permitted to stand. **Finding for Leasco vacated. Finding against NCR vacated. Cause to be retried.**

SAMUEL ZAHAROFF &
LEONARD L. KAUFNER both of Boston
for the Assignor — Flowers Styled
By Stolli, Inc.

JAMES J. MARCELLINO of Boston
for the Assignor — National Cash
Register Company