JOHN F. FINNERTY *vs.* WILLIAM E. REED.   June 6, 1974.   This bill in equity was brought by the vendor for specific performance of a written agreement for the purchase and sale of real estate.   The defendant's answer set up a counterclaim (see Rule 32 of the Superior Court [1954]) to declare the contract a nullity.   The plaintiff appeals from a final decree dismissing his bill and declaring the agreement "null and void for the reason that such agreement to purchase was contingent on William E. Reed being able to construct a dwelling on said lot which was not possible to do."   The evidence is reported, but there is no report of material facts.   In these circumstances, the entry of the decree imports a finding of each fact (supported by the evidence) which is essential to sustain it; but such findings will be reversed if plainly wrong, and we can find facts not expressly found by the judge.   *United Tool & Industrial Supply Co. Inc.* v. *Torrisi*, 356 Mass. 103, 104 (1969).   *McMahon* v. *Monarch Life Ins. Co.* 345 Mass. 261, 262-263 (1962).   See *Oliver* v. *Poulos*, 312 Mass. 188, 190

(1942); *Mead* v. *Mead, ante,* 338 (1974). (1) Although the parties' negotiations made it clear that the defendant intended to construct a dwelling on the property in question, the written agreement contained no clause making the contract conditional upon the defendant's ability to build on this site. The written agreement is presumed to express the parties' final arrangements (*Florimond Realty Co. Inc.* v. *Waye,* 268 Mass. 475, 479 [1929]), and where, as here, the writing shows on its face that it includes the entire agreement of the parties, its terms cannot be varied by parol evidence. *Gifford* v. *Gifford,* 354 Mass. 247, 249 (1968), and cases cited. (2) The evidence shows that the plaintiff's son, who acted as the plaintiff's agent for the sale, admitted that the defendant specifically asked him if there were restrictions on the lot, that at that time he knew of the restriction in the deed to the plaintiff's predecessor in title which barred issuance of a building permit until the lot had been "approved for an individual sewerage disposal system by the Board of Health," and that he did not disclose the existence of that restriction in response to the defendant's inquiry. The unsuitability of the lot in this respect could and did in fact thwart what the plaintiff's son knew to be the defendant's sole purpose in purchasing the lot. The evidence falls short of showing misrepresentation of a material fact; but even if "we assume that the contract is good at law, it does not follow that it will be specifically enforced in equity. It is a universally recognized principle, that a court of equity will not decree specific performance of a contract when it would be inequitable to do so. Specific performance may be refused when a contract is hard and unreasonable, so that enforcement of it would be oppressive to the defendant, or where there has been a misrepresentation by the plaintiff on a material point, or other unfair conduct, although it may not be sufficient to invalidate the contract . . .." *Chute* v. *Quincy,* 156 Mass. 189, 191 (1892). See also *Shikes* v. *Gabelnick,* 273 Mass. 201, 206-207 (1930); *Freedman* v. *Walsh,* 331 Mass. 401, 406 (1954). As the plaintiff has not, in our opinion, shown himself to be entitled to specific performance, the judge was not in error in dismissing the bill. The final decree is to be modified by striking the first paragraph and, as so modified, is affirmed.

*So ordered.*

*John F. Finnerty, Jr.,* for the plaintiff.
*C. Michael Sheridan* for the defendant.