RANDALL H. WALKER and others *vs.* V & V CONSTRUCTION CO., INC., & another.[1] No. 88-P-1030. November 9, 1989. *Contract*, Arbitration, Delivery, Construction contract, Standard forms.

The plaintiffs, owners of an automobile dealership, brought this action for contract damages and G. L. c. 93A violations. The corporate defendant, a contractor which constructed three buildings for the plaintiffs and claims a balance due under the two contracts of $216,767.68, filed a motion to dismiss the complaint based on a mandatory arbitration provision in the contract. The plaintiffs opposed, taking the position that the arbitration clause, upon which the defendants relied and which appears in the general conditions, was not a part of the contracts signed by the parties. The judge denied the motion to dismiss.

1. The order denying the motion to dismiss is equivalent to an order refusing to compel arbitration and is presently appealable under G. L. c. 251, § 18(*a*)(1) and (2). *Danvers* v. *Wexler Constr. Co.*, 12 Mass. App. Ct. 160, 162 n.3 (1981).

2. For their contracts the parties used forms for cost-plus-fee construction contracts prepared by the American Institute of Architects, AIA Document A111, 1978 edition. It is plain that this form contemplates inclusion by the parties of a separate document for the general conditions. At the top of AIA Document A111, below the title, appears: "Use only with the 1976 Edition of AIA Document A201, General Conditions of the Contract for Construction." Article 1 of form A111 defines the contract documents to include the general conditions and states that an enumeration of the contract documents appears in Article 16. The latter article provides a space for listing the specific documents forming the contract and contains this instruction: "(List below the Agreement, the Conditions of the Contract, [General, Supplementary, and other Conditions], the Drawings, the Specifications, and any Addenda and accepted alternates. . . .)". Here the parties neglected to list the general conditions; in both contracts they listed only "Agreement, AIA Document A111a" and the·contract drawings. (AIA Document A111a is the instruction sheet for filling out the master agreement form, AIA Document A111, and states that "[t]he 1978 Edition [of AIA Document A111] has been prepared for use in conjunction with the 1976 Edition of AIA Document A201, General Conditions. . . .")

Given these facts, we hold that the general conditions referred to were a part of the contract despite the allegations (which we accept as true for purposes of deciding this appeal) that the general conditions were never delivered to the plaintiffs and were never brought to their attention until the action had been commenced. The master contracts the parties signed

---

[1]Arthur P. Vidal, Jr., president of V&V Construction Co., Inc.

plainly indicated they were to be read with the general conditions form AIA Document A201, and if the parties wished to vary this provision they should have so stated by way of addendum or otherwise. The failure to list the general conditions form in Article 16 at best created an ambiguity which, in the absence of evidence of mutual agreement *not* to employ the general conditions form, is properly resolved by the court as matter of law. See *Sherman* v. *Employers' Liab. Assur. Corp., Ltd.*, 343 Mass. 354, 356 (1961); see also Restatement (Second) of Contracts § 212(2) (1979). Immaterial in this connection is the assertion of the plaintiff Randall Walker that he personally did not intend to make contract disputes subject to arbitration. See *Frick Co.* v. *New England Insulation Co.*, 347 Mass. 461, 467 (1964); *Aerostatic Engr. Corp.* v. *Szczawinski*, 1 Mass. App. Ct. 141, 143 (1973); *Finnerty* v. *Reed*, 2 Mass. App. Ct. 846, 847 (1974); see also Restatement (Second) of Contracts § 211 (1979).

3. In accordance with the stipulation of the defendants in the reply brief and at argument, the order denying the motion to dismiss is reversed only as to the corporate defendant. The action against the individual defendant is to be stayed pending the outcome of the arbitration.

*So ordered.*

*Richard J. Innis* for the defendants.
*Robert C. Lawless* for the plaintiffs.