FRED O. THOMPSON *vs.* WILLIAM J. BARRY & another.

Essex.   November 5, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, LORING, & BRALEY, JJ.

*Equity Jurisdiction,* Fraud.  *Agency.*

In a suit in equity to compel a reconveyance to the plaintiff of a certain lot of land
alleged to have been sold and conveyed by him upon the false and fraudulent
representations of the agent of the purchaser, it appeared, that the purchaser's
agent represented that his principal was a man with a wife and two children
employed by a railroad corporation at a salary of $6,000 and was able to build
and occupy a good dwelling house; that the plaintiff thereupon sold and con-
veyed the land to the agent for his undisclosed principal, to whom the agent
conveyed it; that the purchaser was the Roman Catholic Archbishop of Boston,
a corporation sole, and at once proceeded to erect a Roman Catholic chapel
on the lot; that the purchaser's agent knew that the plaintiff had a prejudice
against Roman Catholics, and had concealed the identity of the purchaser and
the proposed use of the land for that reason.  The deed contained restrictions
as to the use of the land, which did not prohibit the use in question.  The
plaintiff paid a part of the commission of the purchaser's agent.  The purchaser
was ignorant of the agent's fraud.  *Held,* that the representations of the pur-
chaser's agent constituted an actionable fraud; *also,* that the fraudulent deceit
as to the kind of purchaser to whom the plaintiff was selling was independent of
the restrictions in the deed and not affected by them; *also,* that the rights of the
plaintiff were not diminished by the fact that he paid a part of the commission
of the purchaser's agent, and that, as it appeared that the agent was acting
for the purchaser, the fact that the purchaser was ignorant of his fraud was
immaterial.

BILL IN EQUITY, filed May 25, 1903, against William J.
Barry, of Lynn, and the Roman Catholic Archbishop of Bos-
ton, a corporation sole, seeking to have a deed given by one
Clara Van Horne to the defendant Barry and a deed from Barry
to the Roman Catholic Archbishop of Boston, annulled on the
ground of fraud alleged to have been practised by Barry on the
plaintiff in procuring the execution and delivery of the deed to
him, praying for a reconveyance of the land, for damages, and
for further relief.

In the Superior Court the case was heard by *Schofield,* J., who
found that the plaintiff was entitled to the relief sought, and, at
the request of the parties, reserved the case under R. L. c. 159,
§ 29, for determination by this court upon the terms stated in
the opinion.

It appeared by the report of facts found by the judge, that before April 28, 1903, the plaintiff was the equitable owner of a lot of land in Swampscott described in the deeds of which copies were annexed to the bill. This land was about seventy-five feet wide by one hundred and seventy-five feet long, and contained over twelve thousand square feet. The plaintiff originally owned the land in common with his mother and sister, subject to a mortgage. The mortgage was foreclosed, and the legal title was put in the name of Clara Van Horne, who held the property for the plaintiff. The joinder of Clara Van Horne as a party plaintiff was waived.

The material facts as to the representations made by Barry are stated in the opinion.

The judge found, that at the times of receiving the deed and of paying for the property the defendant corporation was innocent of any concealment or misrepresentation, and had no knowledge or notice of any concealment or misrepresentation by its agent Barry, and had no knowledge that any charge of fraud or misconduct was made against Barry by the plaintiff until the bill was filed ; that Barry was not authorized by the defendant corporation to make any false representations or to give any assurance or guaranty as to the use intended to be made of the land ; that in taking the title in his own name Barry was acting as agent for the defendant corporation, and that he directed that the deed be made to him for the purpose of avoiding or delaying a disclosure of the name of the purchaser to the plaintiff; that, before the terms of the sale were agreed upon, the plaintiff, knowing that Barry was acting as agent for an unknown principal, agreed to pay him one half of the regular commission if he effected a sale ; that when the deed to Barry was delivered the plaintiff paid him the amount agreed upon, which was $35 ; that the plaintiff did not inform Barry that he was the owner of the property, and that during the negotiations Barry supposed that the plaintiff was acting as agent for the owner. The deed from Van Horne to Barry contained a reference to restrictions contained in another deed, to which the land was subject. The restrictions referred to were as follows : " Subject to the following restrictions for thirty years from May 1, 1881. No building upon said premises shall be used during said period for any mercantile or manu-

facturing purpose, nor for a livery stable, nor for the sale of liquor." The plaintiff drew the deed to Barry and knew when drawing the deed that these restrictions were inserted to limit the use of the land conveyed, and knew that this was a usual method employed to accomplish that object.

*B. B. Jones*, for the defendants.

*W. H. Niles*, for the plaintiff, was not called upon.

KNOWLTON, C. J. On the hearing of this suit the presiding judge found that the plaintiff was entitled to relief and ordered a decree in his favor. As the defendants desired to take the opinion of this court upon the questions of law involved, the judge decided not to enter the decree and leave the defendants to their right of appeal with a report of facts to complete the record under the R. L. c. 159, § 23, but availed himself of his power under the R. L. c. 159, § 29, to reserve and report the case instead of entering a decree. According to the terms of the reservation, if the ruling was right the decree is to be entered, otherwise, such decree as justice and equity require. This is the correct practice in all cases in which the justice desires to present the case to this court without an appeal and a report under § 23.

The defendants contend that the false representations of the defendant Barry, the agent of the defendant corporation in the purchase of the property, did not constitute actionable fraud. The agent deliberately and intentionally deceived the plaintiff in regard to the party who was purchasing. In fact he was acting for the Roman Catholic Archbishop of Boston, a corporation which was endeavoring to buy the land as a site for a Roman Catholic church or chapel. The land was situated on Elmwood Road between the lot owned by the plaintiff, upon which he had erected an expensive house and stable, where he has resided for about ten years, and a lot owned by one Earp upon which Earp erected a house which he occupies as a home. The plaintiff inquired of the agent whether a Catholic was going to buy the property, and the agent became aware that the plaintiff had a prejudice against Catholicism, and he studiously concealed from the plaintiff the fact that the defendant corporation was the intending purchaser, and that the land was intended to be used as a site for a Roman Catholic church or

chapel. He believed that the disclosure of these facts would affect the price, and feared that it might defeat the sale. He had previously been informed by the plaintiff that the land would not be sold except to be occupied by a nice dwelling house to be used as a residence. He informed the plaintiff that his customer was a married man whose family consisted of a wife and two children, that he was employed by the New York, New Haven, and Hartford Railroad Company in a high position, at a salary which he estimated to be at least $6,000 per year, that he was amply able to build and occupy a nice dwelling house, and said, " I will guarantee it is as good a house as yours or the next one above." The house next above is the dwelling house of Mr. Earp. The deed was made to the agent, and two days later the agent made a conveyance to his principal, the defendant corporation, which speedily made a contract for the construction of a cellar for a chapel to be erected upon the lot, designed to seat four hundred and ninety-two persons. The judge found that the erection of such a chapel would greatly diminish the value of the plaintiff's property.

Without considering the representations which were promissory, there is enough to show that a gross fraud was practised upon the plaintiff. A Roman Catholic corporation which was an owner and builder of churches, was a very different party in reference to the ownership and probable use of a lot of land, from a man with a small family, employed in a high position, at a large salary by a great corporation. In determining whether to make a sale, the plaintiff might be glad to sell to the latter because of the probability that he would put the land to a use which would increase the value of the plaintiff's other property, and be entirely unwilling to sell to the former because of the probability that it would put the land to a use which would greatly diminish the value of his estate. A statement as to the position or character of the purchaser was a statement of an existing, material fact, in reference to which an intentional falsehood, if relied upon, would be an actionable fraud.

There can be no doubt that it is within the scope of the apparent authority of a purchasing agent to give the name of the purchaser, or to make other statements which will show to what class he belongs, and if he fraudulently represents him to be the

head of a family seeking a home, when in fact the buyer is a corporation seeking a site for a factory or a church, his principal must take the consequences of his fraud.

The fact that the legal title to the lot was held by a third person for the plaintiff's benefit, is immaterial. The plaintiff was the real owner, he conducted the negotiations for himself, and his rights as against these defendants, except as to the party who is to bring the suit, are the same as if he had been the holder of the legal title. The fraud as to the kind of purchaser to whom the plaintiff was selling is independent of the provisions of the deed in regard to restrictions, and is not affected by them. Nor are the rights of the plaintiff diminished by the fact that he paid a part of the commission of the purchaser's agent. It is found that in the matters relied on by the plaintiff, the agent was acting for the defendant corporation, although the corporation was ignorant of his fraud.

*Decree for the plaintiff.*