JAMES E. ROBINSON & another *vs.* AGNES F. RICHARDS
(afterwards by amendment successively WINIFRED R.
MURPHY and JOSEPH P. MURPHY).

Suffolk.    March 17, 1911. — June 19, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Fraud.    False and Fraudulent Representations.*

A person, who by information given to the assessors of a city procured certain
land to be taxed as belonging to persons unknown, and who afterwards, when
the land had been sold for non-payment of taxes, procured a deed of the land to
himself from the owner, thus described as unknown, who was a woman, by
falsely representing to her that in asking her to release to him her interest in
the land he was acting solely for a yacht club that owned the adjoining land,
whereas he was acting for himself, and by making statements to her, which
were intentionally misleading if not actually false, to the effect that, by reason
of the tax sale and the expiration of the time for redemption and also by reason
of a certain mortgage, she had no title to the land, and who, having procured this
deed, redeemed the land from the tax sale made under R. L. c. 13, § 58, cl. 1, as
being land "taxed as belonging to persons unknown," also procuring from the
mortgagee a release and discharge of the mortgage on the land, has no title that
upon a petition to the Land Court can be registered against the objection of the
owner of the land from whom he procured his deed, because such owner has a
right to avoid the deed as procured from her by false representations.

MORTON, J.    This is a petition brought in the Land Court to
register the title to a parcel of land in Dorchester formerly be-
longing to one Agnes F. Richards who died during the pendency
of the proceedings and whose daughter, her only heir at law,
was thereupon made the party respondent in her place.    The
daughter also died and was succeeded by her husband as her
statutory heir, and he is now the party defending.    We shall
speak of Mrs. Richards as the respondent.    The answer set up
title in the respondent and also alleged that a deed from her to
the petitioner Robinson, which was relied on, had been procured
from her by fraud and deceit on the part of Stark, the other
petitioner, and asked to have it declared null and void.    The

Land Court found in favor of the petitioner. The respondent appealed to the Superior Court. Issues, in the form of questions, were framed in the Land Court and were submitted to a jury in the Superior Court. The jury answered the questions in favor of the respondent. Thereupon the issues, with the answers thereto, were returned into the Land Court, and upon a further hearing that court * ruled that upon the uncontroverted facts found by it at the previous hearing and upon the facts found by the jury the respondent was entitled to have the deed avoided on the ground that it was procured by false representations, and ordered that the petition be dismissed. The petitioners excepted to the ruling, and the exception thus taken presents the only question that is before us in relation to the case. We think that the ruling was right.

There was no dispute that the title was originally in Mrs. Richards. In 1875 she had executed a mortgage on it to one Wall for $1,000, and in 1882 he assigned the mortgage to one Perry. Mrs. Richards never made any use of the land, and never paid any taxes on it and never paid anything on the mortgage, principal or interest. The mortgage never was foreclosed, and so far as appears no steps ever were taken to collect either principal or interest. From 1886 to 1895 inclusive the land was assessed to " Owners unknown, Agnes F. Richards probable owner, Francis A. Perry probable mortgagee." In October, 1895, it was sold for non-payment of taxes to one Frothingham who shortly after assigned his tax title to one Wyzanski, who took possession of the land under his tax deed, let it and paid the taxes on it till 1906, when Stark, acting for the petitioner Robinson, claimed the right to redeem by virtue of the title acquired by Robinson from Mrs. Richards. Wyzanski at first objected, but finally admitted Robinson's right to redeem under R. L. c. 13, § 58, cl. 1, and Robinson thereupon redeemed. Stark then went to Perry, the mortgagee, and by various representations tending to show that it was of no value, procured from him a release and discharge of the mortgage. Thereupon Robinson and Stark divided the land between them. So far as appears Mrs. Richards did not know that the land had been taxed until in-

---

* By *Davis,* J.

formed of the tax sale by Stark in 1906. It was not taxed until 1885, and then it was taxed because Stark called the attention of the assessors to it and procured it to be assessed with the intention of acquiring title to it by means of a sale of it for non-payment of taxes. Shortly before Stark procured the deed in question from Mrs. Richards to Robinson the Savin Hill Yacht Club had acquired land adjoining that of Mrs. Richards, and the result of the answers of the jury and of the facts found by the Land Court at the previous hearing was to show that Stark falsely represented to her that he was interested in the matter solely for that Club and was acting for it in asking her to release her interest in the land, and that she relied upon such representations in making the deed, whereas in truth and in fact he was acting for himself and the petitioner Robinson. This of itself constituted such a fraud upon her as to entitle her to avoid the deed. *Thompson* v. *Barry,* 184 Mass. 429. *Stewart* v. *Joyce,* 201 Mass. 301. In addition to this it would seem that he made statements to her intentionally misleading, if not actually false, to the effect that she had no title to the land by reason of the tax sale and the expiration of the time for redemption, and also by reason of the Perry mortgage, and in regard to the extent to which Robinson's title to land adjoining her land on the side opposite to that belonging to the Yacht Club conflicted with her title. Taking the case as a whole it is plain, we think, that the ruling was right and that the petition was properly dismissed.

*Exceptions overruled.*

*C. W. Cushing,* for the petitioners, submitted a brief.
*E. J. Fegan,* for the respondent.