## AMIEL G. SIESS, Respondent, v. ALMA P. ANDERSON, Appellant.

St. Louis Court of Appeals, September 30, 1911.

1. **EQUITY: Fraud.** A court of equity will not lend its aid to the commission of a fraud.

2. **SPECIFIC PERFORMANCE: Denial of Decree: Fraud of Plaintiff.** While, in order for a misrepresentation to be sufficient to prevent specific performance of a contract, it is necessary to show that the misrepresentation operated to the prejudice of the defendant, it is not necessary that such prejudice be a pecuniary one, but it is sufficient if it deprived the defendant of something that induced him to enter into the contract.

3. ———: ———: ———. The principles of ethics have a more extensive sway in actions for specific performance than in ordinary cases, and the plaintiff must, as to every part of the transaction, be free from any imputation of fraud and deceit.

4. **CONTRACTS: Fraud: Secret Trusts.** The mere taking of a contract in the name of one in secret trust for another does not render the transaction fraudulent *per se*.

5. **SPECIFIC PERFORMANCE: Fraud: Secret Trusts.** While the mere taking of a contract in the name of one in secret trust for another does not render the transaction fraudulent *per se*, yet if the consideration of the person enters into the contract as an element and there is deception as to the real person, it cannot be enforced against the one deceived.

6. ———: ———: ———: **Facts Stated.** After a saloon keeper had made several offers to purchase real estate from the owner, which were refused for the reason the owner was opposed to the saloon business, the saloon keeper procured a real estate agent to purchase the property for him in the name of another, on the false representation that the pretended purchaser desired it for a residence. A contract in writing stipulating for the conveyance of the property was made, and earnest money, which was supplied by the saloon keeper, was paid to the owner. Before the expiration of the time for closing the deal, the agent informed the owner that the saloon keeper was the real purchaser, whereupon the owner immediately tendered back the earnest money and refused to make a deed unless it contained a restriction against the sale of intoxicants on the property. The pretended purchaser brought suit for specific performance. *Held,* that the contract could

not be specifically enforced, for the reason the consideration of the person with whom the owner was willing to contract entered into the contract as an element and she was induced to enter into it through the deception practiced upon her by plaintiff, with respect to the person acquiring the property.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED.

*Geo. S. Grover* for appellant.

Suppression of the truth is deceit, and therefore a fraud, which will defeat an action for specific performance. Stewart v. Cattle Range Co., 128 U. S. 383-388; Isaacs v. Skrainka, 95 Mo. 524; Bouvier's Law Dictionary, vol. 1, p. 437; Bird v. Logan, 34 Kas. 228; Margraf v. Muir, 57 N. Y. 158; King v. Knapp, 59 N. Y. 462; Hetfield v. Willey, 105 Ill. Sup. 286; Brewster v. Company, 34 Fed. Rep. 769; Byars v. Stubbs, 85 Ala. 258; Mallory v. Leach, 35 Vt. 156.

*E. W. Banister* and *Arthur Digby* for respondent.

STATEMENT.—This is a suit wherein the plaintiff, as vendee, seeks a decree compelling the specific performance of a written contract for the sale of a certain residence in the City of St. Louis. Defendant pleaded by way of defense that she had been induced to enter into the contract by a fraudulent misrepresentation as to who was the real purchaser of the property. The reply was a general denial. The trial court granted a decree for the specific performance as prayed and defendant has appealed.

It appears from the evidence that the plaintiff, Siess, has no interest in the subject-matter of this litigation, but is the mere instrument of one Duffner, a

saloonkeeper, who employs him as a bartender. Duffner had made several offers to purchase the property from the defendant but she rejected them and would not deal with him because she was opposed to the saloon business and was afraid that if he acquired the property he would install a saloon in it. In order to obtain the property notwithstanding defendant's objection to doing business with him, Duffner procured Robinson, a builder, and Methudy, a real estate agent, to enter into negotiations with the defendant on his behalf, pretending them to be for Robinson, who was represented as desiring the property for use as a home. Defendant, being misled by the false pretense, agreed to sell the property to Robinson. When it came to reducing the contract to writing however, Duffner conceived that Siess, his bartender, would be a safer "straw-man" than Robinson, so at his instance the real estate agent represented to defendant that his pretended principal, Robinson, desired to have the contract and deed made in the name of Siess, though for Robinson. Defendant, ignorant of Duffner's secret interest and of Siess' connection with Duffner, consented that the contract and deed should be made in the name of Siess, believing that Siess was acting for Robinson. The contract was so made and fifty dollars earnest money secretly supplied by Duffner was paid to defendant. Before the time given to close the deal expired the real estate agent informed the defendant that Duffner and not Robinson was the real purchaser. She promptly tendered back the earnest money and refused to make a deed unless it contained a restriction against the sale of intoxicating liquor on the premises. Duffner caused a tender to be made of the balance of the contract price and demanded a deed without the restriction mentioned. The defendant refused the tender and refused to make the deed without restriction and Duffner caused this suit to be brought in the name of Siess.

CAULFIELD, J. (after stating the facts).—Respondent has not aided us with a brief and we have been unable to discover any ground upon which to sustain the decree under the evidence before us. There is no doubt in our minds that Duffner, the real party in interest, by his agents, intentionally and with a mind to deceive defendant, misrepresented to her that Robinson and not Duffner was the real purchaser, and that she relied on the misrepresentation and was deceived by it and would not have entered into the contract had she not been so deceived. It is apparent then that if specific performance be decreed in this case a fraud practiced on the defendant will thereby be made successful. A court of equity will not lend its aid to such an end. "There is no maxim which a court of equity more unequivocally insists upon than that he who comes asking its aid must come with clean hands. A court of equity will not aid a party to commit a fraud." [Seibel v. Higham, 216 Mo. 121, l. c. 137, 115 S. W. 987.]

It might be urged, however, that defendant will receive the same price from Duffner which she was willing to take from Robinson and therefore she was not prejudiced by the deception; and Fry says that it is necessary, to constitute a misrepresentation which will prevent a specific performance, that the misrepresentation "be shown to have operated to the prejudice of the defendant." [Fry, Spec. Perf. (3d Ed.), sec. 697.] But we do not believe that in a suit for specific performance the prejudice need be a pecuniary one. It may consist in depriving the defendant of something which induced her to enter into the contract. In this case the property was the defendant's; she might keep it, or she might consent to part with it for such consideration as she saw fit, whether it be a price in money or the personalty of the grantee, or both. It is clear that she was unwilling to sell to Duffner. To that extent she made the personalty of the

grantee a material element of the contract which she was willing to make. It should not lie in the mouth of the plaintiff to say that she is not prejudiced by being fraudulently deprived of the very thing which induced her to make the contract, viz., a grantee other than Duffner; at least not in a suit for specific performance where "the principles of ethics have a more extensive sway" than in ordinary cases, and the plaintiff "must as to every part of the transaction be free from any imputation of fraud and deceit." [2 Kent's Commentaries (14 Ed.), p. 826; Kerr on Fraud & Mistake (2 Ed.), p. 414.] Fry seems to be of that opinion, for he has said that a contract will not be specifically enforced against a defendant if it was *induced* by a deception as to the real party with whom defendant was contracting. [Fry's Spec. Perf. (3 Ed.), sec. 229.] And the California Supreme Court held such deception to be sufficient to defeat a suit for specific performance without regard to whether any damage to defendant had resulted therefrom. In the discussion, the court commends "the doctrine which does not insist upon measuring everything by the standard of damage, but so far as can be done, allows parties to determine what is for their own interests, and to contract or to refuse to contract accordingly." [Kelly v. Central Pac. R. R. Co., 74 Cal.565.] Of course the mere taking of a contract in the name of one in secret trust for another does not render the transaction fraudulent *per se*. The question is whether the consideration of the person enters as an element into the contract. If it does and there is deception as to the real person, the contract may not be enforced against the one deceived. [Fry, Spec. Perf. (3 Ed.), sec. 230.] We are satisfied that in this case the consideration of the person with whom defendant was willing to contract entered as an element into the contract and that she was induced to enter into the contract by the deception practiced upon her by the plain-

tiff. Specific performance of the contract should therefore have been denied. The judgment of the trial court is accordingly reversed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.