JOSEPH P. MURPHY *vs.* JAMES E. ROBINSON & another.

Suffolk.    March 19, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Equity Jurisdiction,* To relieve from effects of fraud.

In a suit in equity to set aside a deed that in *Robinson* v. *Richards,* 209 Mass. 295, was adjudged to have been procured by fraud, a final decree was sustained, which, among other things, enjoined the defendants from setting up a certain mortgage obtained by their fraud, that, if valid, would have been extinguished by merger, and also as incidental relief ordered that the mortgage should be discharged as of record.

BILL IN EQUITY, filed in the Superior Court, as amended, on February 20, 1912, by the surviving heir of Agnes F. Richards, the respondent in the suit of *Robinson* v. *Richards,* 209 Mass. 295, against James E. Robinson and James H. Stark, who were

the petitioners in that suit, to set aside a deed adjudged in that suit to have been procured by fraud and for other relief.

The case was heard by *Hardy*, J., upon agreed facts, by which the parties agreed that the facts alleged in the amended bill were true and further that the defendants made two payments, there stated, which were not mentioned in the bill.

The judge made a final decree, that the deed from Agnes F. Richards to James E. Robinson, dated April 21, 1906, be discharged and cancelled as of record; that the defendants make and deliver to the plaintiff a quitclaim deed of certain premises; that a mortgage given by Agnes F. Richards to Alba E. Wall on March 12, 1875 [referred to in the opinion as the Perry mortgage], be discharged and cancelled as an incumbrance on the record title to the premises; that the defendants be enjoined from foreclosing the mortgage or setting up any title under it; that the defendants also be enjoined from setting up any claim under a tax title or under any proceeding extinguishing it; that they also be enjoined from interfering with the plaintiff's enjoyment of the premises; and that the defendants pay to the plaintiff $37.12 as costs. The defendants appealed from the decree.

*C. W. Cushing & G. C. Hodges,* for the defendants, submitted a brief.

*E. J. Fegan,* for the plaintiff.

DE COURCY, J. This is a bill in equity brought by the surviving heir of Agnes F. Richards, seeking among other things the cancellation of a deed fraudulently obtained from her by the defendants James E. Robinson and James H. Stark. The plaintiff's right to the relief sought was settled by the former case between the same parties; *Robinson* v. *Richards,* 209 Mass. 295; and, as the facts showing the scheme of fraud whereby James H. Stark obtained the deed, the tax title and the mortgage are set forth in the opinion in the earlier case, there is no occasion to restate them here. *Saco Brick Co.* v. *J. P. Eustis Manuf. Co.* 207 Mass. 312, 314. See *Robinson* v. *Richards, ubi supra.* Within a month after that decision was rendered, the defendants apparently attempted by indirection to defeat the relief indicated by this court, by undertaking to foreclose the Perry mortgage, which they had acquired by representing to Perry that it was invalid and unenforceable; and this proceeding was then brought. It is

admitted by the defendants that the facts alleged in the amended bill of complaint are true.

The final decree was warranted by the facts.  The defendants cannot now set up the mortgage which they acquired by means of their active fraud in representing it to be an invalid incumbrance, and which if valid would be merged by being assigned to the defendant Robinson, in whom the legal title then stood.  If the question of the jurisdiction of the Superior Court is now open, it is enough to say that the discharging as of record of the outstanding mortgage incumbrance is merely incidental to a bill that is based upon an alleged scheme to acquire title to property by fraudulent means.  *Smith* v. *Everett,* 126 Mass. 304.  *Ginn* v. *Almy,* 212 Mass. 486, 493.

The failure to allow the defendants for taxes paid on the property fraudulently obtained may well be due to the trial judge's opinion that the defendants were amply reimbursed by the rents and profits which presumably they have enjoyed since they extinguished the tax title in June, 1906.

The decree must be affirmed; and it appearing that the appeal is intended for delay, upon the motion of the plaintiff double costs are awarded from the time when the appeal was taken.

*So ordered.*