WHITE TOWER MANAGEMENT CORPORATION *vs.* ANIELLO
A. TAGLINO & another.

Suffolk. January 9, 1939. — March 1, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Fraud. Equity Jurisdiction,* Specific performance. *Contract,* Specific
performance, Rescission, For sale of real estate. *Equity Pleading
and Practice,* Decree.

Representations, made by an agent to the owner of real estate to induce
him to execute an agreement of sale to the agent, that his principals
were individuals who were to purchase for the erection of a dwelling
house, whereas the agent's principal was a corporation engaged in
the restaurant business and the agent had been told by the owner
that he would not sell to anyone who had a business or to "restaurant
people," warranted a finding of inequitable conduct on the part of
the agent barring the maintenance of a suit by his principal as assignee
for specific performance of the agreement.

Upon appeal of the plaintiff from a final decree in a suit in equity deny-
ing "prayers . . . for specific performance" of a contract to sell
real estate "and other relief" and ordering the defendant to return
a deposit to the plaintiff, where it appeared that the plaintiff's counsel
had stated in open court that the plaintiff "was not interested in the
question of damages," and that the ground of denial of relief was
misrepresentations by the plaintiff's agent warranting rescission of
the contract, it was ordered that the words "and other relief" be
struck out of the decree and that a statement be added therein that
the plaintiff was not entitled to damages; and, as so modified, the
decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on June 15,
1938.

The suit was heard by *J. W. Morton,* J.

*A. I. Fine,* for the plaintiff.

*J. F. Groden,* for the defendants, was not called on.

Cox, J. The plaintiff in this bill in equity seeks specific
performance of a written agreement entered into by the
defendants and one Taylor, admittedly acting as agent for
the plaintiff, for the sale of a lot of land to Taylor by the
male defendant. The agreement was assigned by Taylor
to the plaintiff. The defendants, who are husband and

wife, refused to carry out the agreement on the ground that they were induced to enter into it by false and fraudulent representations made by Taylor. The evidence, most of which was heard orally, is reported under G. L. (Ter. Ed.) c. 214, § 24, Rule 76 of the Superior Court (1932); the judge made findings of fact and, upon his order, a final decree was entered denying specific performance of the agreement "and other relief contained in the bill of complaint," and directing the male defendant to pay to the plaintiff $25 "deposited with him by the plaintiff." The plaintiff's appeal from this decree brings the case to this court. The judge found that there was inequitable conduct on the part of the agent of the plaintiff in negotiations leading to the execution of the agreement "in that he knew that the defendants would not enter into such an agreement if the purchaser were to be the White Tower Management Corporation, a corporation engaged in the restaurant business, and therefore concealed from the defendants the fact that he was agent for such corporation, and by misrepresentation led the defendants to believe that one or two individuals were to purchase the premises for the erection of a dwelling house thereon."

The plaintiff contends that a portion at least of the judge's findings is not supported by the evidence. It is for this court to examine the evidence and decide the case according to its own judgment as to the facts as well as the law, giving due weight to the findings of the trial judge. But his finding as to facts, either expressly made or necessarily implied from his disposition of the case, will not be reversed unless plainly wrong. *Jones* v. *Swift,* 300 Mass. 177, 179, and cases cited. *Buckley* v. *Buckley,* 301 Mass. 530, 531.

The evidence as reported tends to show no mere concealment of the name of the purchaser. From the testimony of Taylor himself, as well as from that of the defendants, it appears that while Taylor did not affirmatively state that the plaintiff was not his principal, nevertheless he did represent that two individual buyers living in the Back Bay were the purchasers. Taylor admitted that the

defendants asked him whom he represented. He was not bound to answer, but if he did, he was bound to tell the truth. *Potts* v. *Chapin,* 133 Mass. 276, 280, 282. *Van Houten* v. *Morse,* 162 Mass. 414, 416, 417. The affirmative statement that two people or a family consisting of two was the purchaser was, in the circumstances, a representation that the plaintiff was not the prospective purchaser. Taylor's answer could have been found to be a half truth, which in effect was a lie. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123, 126. 5 Williston, Contracts (Rev. Ed.) § 1498.

It could have been found from the evidence that, if the defendants had known that the plaintiff was, in fact, the prospective purchaser, they would not have entered into the agreement. The plaintiff admittedly was engaged in the restaurant business, and there was evidence that the defendants would not sell to anyone who had a business or to "restaurant people," and so stated to Taylor. The representation by Taylor was material. *Thompson* v. *Barry,* 184 Mass. 429, 432. *Stewart* v. *Joyce,* 201 Mass. 301, 309. *Robinson* v. *Richards,* 209 Mass. 295, 297. The plaintiff does not contend that it is not bound by Taylor's misrepresentation. It ought not to be permitted to take the benefit of false and fraudulent misrepresentations made by its agent. *Thompson* v. *Barry,* 184 Mass. 429, 433. *Isenbeck* v. *Burroughs,* 217 Mass. 537, 540, and cases cited. *Kaufmann* v. *Sydeman,* 251 Mass. 210, 216.

The finding by the judge of inequitable conduct on the part of Taylor, with the result of which the plaintiff is charged, brings the case within the rule stated in *Shikes* v. *Gabelnick,* 273 Mass. 201.

Although the judge found that the plaintiff was not entitled to specific performance, nevertheless he stated in his findings of fact that there was not sufficient fraud to warrant the rescinding of the contract. He also stated that the plaintiff's counsel had "stated in open court that it was not interested in the question of damages." The record discloses this to be the fact, and that counsel further stated that he was interested in the case at bar only in the ques-

tion of specific performance, and that "We don't care about damages." The final decree includes an order that the male defendant pay the sum of $25 deposited with him by the plaintiff, and adjudges and decrees that "the prayers . . . for specific performance of the agreement and other relief contained in the bill of complaint be and are hereby denied." Compare *Cowan* v. *Mitchell, ante,* 417.

The plaintiff now contends that it never intended to waive a right to damages for breach of the agreement, and that that right ought not to be denied. If we attempt to reconcile the several findings of the judge, there is some difficulty in determining the reason for the order that the male defendant return the $25 deposit, unless the judge found, as we think he did, that the defendants relied upon Taylor's misrepresentation. We think it is clear that he did not intend the order by way of an assessment of damages. At the close of the evidence he stated to counsel that he did not think the plaintiff was entitled to damages, and after a statement of the plaintiff's counsel which was interrupted, the judge remarked that he had not decided the case "but it comes down to that." One prayer of the plaintiff's bill was for damages. The decree expressly denies the plaintiff's prayers for specific performance and "other relief."

On appeal in equity when the evidence is reported, such a decree should be entered as justice requires. *Shikes* v. *Gabelnick,* 273 Mass. 201, 207. We think that the evidence warrants findings (as in fact the judge appears to have found) that the fraudulent misrepresentations by Taylor as to a material matter were relied on by the defendants, and that not only is there no ground for specific performance, but that rescission would be warranted, and that the order for the return of the deposit is to be considered as restoring the plaintiff to its original position. Compare *Thompson* v. *Barry,* 184 Mass. 429; *Kurinsky* v. *Lynch,* 201 Mass. 28; *Stewart* v. *Joyce,* 201 Mass. 301, 309; *Robinson* v. *Richards,* 209 Mass. 295, 297.

It follows that the words in the final decree, "and other

relief," should be struck out; that it should be inserted in the decree that the plaintiff is not entitled to damages. In all other respects the decree is affirmed.

<em>Ordered accordingly.</em>