(No. 29253.—

ANTHONY WLOCZEWSKI *et al.,* Appellees, *vs.* FRANK KOZLOWSKI *et al.,* Appellants.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

MITCHELL KILANOWSKI, of Chicago, for appellants; ORR, LEWIS & ORR, and ODE L. RANKIN, (WARREN H. ORR, WALLACE W. ORR, and HASKELL F. LAMM, of counsel,) all of Chicago, for appellants on rehearing.

BOHRER, BLACKMAN & LOMAN, (MAURICE M. LOMAN, and H. ABRAMS, of counsel,) all of Chicago, for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Isabelle Ostrowski filed a suit in the superior court of Cook county against Frank Kozlowski and Virginia Kozlowski for specific performance of a contract to sell and convey real estate. Later, the complaint was amended by alleging that Anthony Wloczewski was the real party in interest instead of Isabelle Ostrowski; that Isabelle Ostrowski was his undisclosed agent, and that it was understood she would assign the contract to him. The complaint then contains the usual necessary allegations of readiness and willingness to perform, ability to pay, and the refusal upon the part of appellants, and prayer for relief.

The appellants answered and denied they made the contract in question; they alleged that the paper bearing their signatures was executed in blank; that the amount for which they are willing to sell was more than the amount filled in the blanks, and that appellants did not understand English, and therefore no contract was made. After the amendment making Anthony Wloczewski a party plaintiff, defendants denied specific performance could be awarded, because of failure to comply with the Statute of Frauds, in that Wloczewski had never signed the contract or authorized anybody else, in writing, to sign it for him. The case was referred to a master, who made a report in favor of the plaintiff Wloczewski. The court approved the report and recommendation and entered a decree, and in the decree also ordered Isabelle Ostrowski to assign the written contract executed by her to appellee Wloczewski, and also

decreed that appellants make an accounting. The appeal comes directly to this court as a freehold is involved. *Lewis* v. *McCreedy,* 378 Ill. 264.

The facts are as follows: Joseph Walczak and Walter Walczak were real estate agents; they both knew appellants. Their testimony shows that Mrs. Kozlowski met Walter Walczak in his office, and said she would like to sell the property if she could find a buyer. A few days later he went to the house and said he had an offer of. $14,500, but the husband was not present, and it was agreed he would come back later, when they were both at home. He did return at a later date, and after some conversation, he says, Frank Kozlowski thought he should' have at least $15,500. He says be obtained such an offer, and that it was the brother, Joseph Walczak, who obtained the signatures to the contract. Walter Walczak says the offer of $15,500 was accepted; the appellants say it was not accepted, but that their price was $20,000. At any rate appellants both signed a paper purporting to be a contract, but Mrs. Kozlowski claimed upon the trial that the amount of the sale was not filled in. The name of the buyer mentioned in the contract was Isabelle Ostrowski, who was employed by Walczak Brothers.

The plaintiff Anthony Wloczewski occupied the premises involved as a tenant, and testified he did not want the appellants to know' he was purchasing the premises, and that was the reason Isabelle Ostrowski was made the party to the contract. The' real estate brokers informed appellants that Isabelle was buying the property, but said nothing to them about the real buyer, Wloczewski. The Walczaks also told appellants the expense of bringing down the title would be about $100, and their commission would be $500. The Walczaks also testified they were agents for Wloczewski, and the latter also testified he had employed them for the purpose of purchasing the property. There is no

proof that Wloczewski authorized either Isabelle Ostrowski or the Walczaks in writing to purchase the property, or to sign a contract in his name, binding him. And, likewise, there is no proof that Isabelle Ostrowski ever in writing assigned the contract to Wloczewski.

While there is considerable dispute as to what agreement was reached, and as to whether the written contract was actually completed in accordance therewith, at the time the signatures were attached, as claimed by the brokers and denied by appellants, it becomes unnecessary to pass upon this question because, if it be assumed that there was a valid written contract between the appellants and Isabelle Ostrowski, specific performance cannot be decreed in this case.

It is a settled principle of equity that specific performance of a contract for the sale of real estate will not be granted unless the contract is mutually enforcible and binding upon both parties. (*Lunt* v. *Lorscheider,* 285 Ill. 589; *Cummins* v. *Martzen,* 273 Ill. 45; *Jacksonville Hotel Bldg. Corp.* v. *Dunlap Hotel Co.* 350 Ill. 451.) Isabelle Ostrowski is not insisting upon the contract. The party who obtained the decree was Anthony Wloczewski. Anthony Wloczewski never signed the contract, nor was it ever assigned to him.

Section 2 of the Statute of Frauds (Ill. Rev. Stat. 1945, chap. 59, par. 2,) provides: "No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." If the position of the parties were reversed, and appellants brought suit against Anthony Wloczewski for the consideration to

be paid, and attempted to enforce the contract as to him, under the circumstances as they now exist, he would have a perfect defense by saying that he had not signed the contract, and that he had not authorized anybody in writing to sign for him. (*Stein* v. *McKinney*, 313 Ill. 84; *Hagen* v. *Anderson*, 317 Ill. 173; *Volmut* v. *Bern*, 346 Ill. 619.) There is therefore a lack of mutuality in obligation, which requires a denial of a decree of specific performance.

Since there is nothing to show that Anthony Wloczewski was bound in any way to appellants it was error for the court to order a decree of specific performance, and the fact that the court ordered Isabelle Ostrowski, in its decree, to assign the contract to him does not comply with the statute, nor bring him within the rule that an assignee may bring suit for specific performance. Appellees call attention to the case of *Saladin* v. *Mitchell*, 45 Ill. 79, that either the principal or agent may sue where the contract is signed by an agent in his own name, for an undisclosed principal. That case involved personal property, and applies to personal property.

No case has been cited holding one may sue for specific performance upon the contract of his undisclosed agent for the purchase of real estate, who was not authorized in writing to bind him. Even though Anthony Wloczewski be an undisclosed purchaser, still the circumstances show he is not entitled to specific performance. In *Second Nat. Bank* v. *Diefendorf*, 90 Ill. 396, we said in respect to an undisclosed principal suing upon a contract made with an agent that the principle could not be applied to the prejudice of a promisor who was ignorant of the relation.

In *Cowan* v. *Curran*, 216 Ill. 598, specific performance was denied under circumstances quite similar to those here under consideration, because the rule is that an undisclosed principal cannot sue on the contract made by an agent, where exclusive credit is given the one represented to be the purchaser. In the same case we held in a contract of

sale of real estate one has a right to select and determine with whom he will deal, and a failure to disclose an unknown, undisclosed principal is ground for denying specific performance. (*Boston Ice Co.* v. *Potter,* 123 Mass. 28; *Winchester* v. *Howard,* 97 Mass. 303; *Kelly* v. *Thuey,* 102 Mo. 522.) This principle has been followed and applied in *New York Brokerage Co.* v. *Wharton,* 143 Iowa, 61, 119 N.W. 969; *White Tower Management Co.* v. *Taglino,* 302 Mass. 453, 19 N.E. 2d 700; *Gloede* v. *Socha,* 199 Wis. 503, 226 N.W. 950; *Kane* v. *McClenachan,* 104 Pa. Sup. Ct. 417, 159 Atl. 61; *Siess* v. *Anderson,* 159 Mo. App. 656, 139 S.W. 1178.

In the present case the contract was signed by Isabelle Ostrowski, and, so far as appears, sole credit was given to her by appellants, and besides it also appears, for reasons best known to Wloczewski, that he had directed the brokers to conceal from appellants that he was the real party in interest. Obviously, he feared they would refuse to deal with him. The case comes within a well-defined exception of an undisclosed principal to sue on his undisclosed agent's contract. It also appears very clearly that Walczak Brothers acted as agents for both appellants and appellees.

The brokers testified they went to the home to get a buyer, and they fixed the amount of the commission, and also put into the written contract that appellants were to pay a commission to Walczak Brothers. Appellee Anthony Wloczewski also testified that he talked with the Walczak brothers, asking them to buy the building for him, and that he authorized them to purchase the building for him in the name of Isabelle Ostrowski, "the girl that works there." There can be no question under the facts testified to but what Walczak Brothers were acting for both the vendee and the vendor; there was no disclosure to appellants of this dual representation upon their part.

The rule in Illinois is that specific performance will not be granted on a contract of sale of real estate where the

broker who procured the contract has acted on behalf of both seller and buyer, without full and complete disclosure of the dual agency. In *Wrobel* v. *Wojtasiek*, 341 Ill. 330, we said: "Where one desirous of purchasing real estate of another employs as his agent a person having the confidence of the owner for the purpose of bringing about a sale, and the secret agent, without disclosing his employment by the purchaser, betrays the confidence of the owner, and through his efforts the owner, without knowing the secret interest of the other by reason of his employment by the purchaser, is induced to enter into a contract for the sale of real estate, the vendor, on discovering the interest of the secret agent, may refuse to perform the contract and its performance will not be enforced." To the same general effect is *Mohnk* v. *Seyforth*, 339 Ill. 371; *Bunn* v. *Keach*, 214 Ill. 259; as well as many authorities in other jurisdictions. 48 A.L.R. 917.

The rule is especially applicable in this case as it appears from the testimony of appellee Wloczewski that he did not want appellants to know their tenant was endeavoring to purchase the property he occupied. He therefore employs an agent, who becomes the agent for the other party, which agent conceals from such seller the fact that he is representing the proposed buyer.

Other points are raised by appellants which have some measure of merit but do not require discussion because, under the law as set forth above, appellee Anthony Wloczewski was not entitled to a decree of specific performance.

The judgment of the superior court of Cook county is reversed and the cause remanded, with directions to dismiss the complaint for want of equity.

*Reversed and remanded, with directions.*