234

## CASTEEL *v.* KING ET AL.

269 P. 2d 529

*Richard Bryson,* of Eugene, argued the cause for appellant. On the brief were Bryson & Bryson, of Eugene.

*Daniel R. Dimick,* of Roseburg, argued the cause for respondents. On the brief were Winston & Dimick and Robert M. Stults, of Roseburg.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN and PERRY, Justices.

PER CURIAM.

Plaintiff seeks specific performance, as undisclosed principal, of a land purchase contract wherein defendant King agreed to sell his property to defendant Coleman.

It appears that plaintiff brought King and Coleman together in connection with the sale. Plaintiff and King had had some difficulty over previous business transactions, and on account thereof King inquired of both plaintiff and Coleman whether plaintiff had any interest in the sale. Both assured him that such was not the case, whereupon the deal was made, Coleman depositing $500 as down payment, which had been secretly furnished by plaintiff. Later on, Coleman, being conscience-stricken, notified defendant King that he had "played a dirty trick" on him, had "lied" to him, and "was afraid" King "would sue him and that he wanted out of the deal." Thereupon, King and Coleman canceled the contract.

■ It is well settled that the assumption of equitable jurisdiction in a given case is dependent upon an exercise of discretion in accordance with the dictates of judicial conscience. In the exercise of this discretion, courts are guided by well known maxims of equity, a cardinal one of which is that one who comes into equity must come with clean hands. Referring to such maxim, we quoted from 2 Pomeroy's Equity Jurisprudence, 5 ed, § 397, pp 91-92, in *Dickerson v. Murfield,* 173 Or 662, 670, 147 P2d 194, as follows:

> " '* * * It says that whenever a party, who, as *actor,* seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine;* the court will refuse to interfere on his behalf, to acknowledge has right, or to award him any remedy.' "

■ Plaintiff asks the court to enforce a contract in his behalf which had its inception in his own wrongdoing. The trial court refused equitable relief, in which we concur. *Siess v. Anderson,* 159 Mo App 656, 139 SW 1178; 5 Williston, Contracts, rev ed, § 1490, pp 4159, 4160; 2 Restatement, Law of Agency, § 304, p 680.

Affirmed.