(No. 34987.—

Kenneth Banks, Appellant, vs. Grace R. Gregory.—
(Crescent P. O'Connor, Exr., Appellee.)

*Opinion filed March 20, 1959.*

Donald P. McFadyen, and Eugene A. Tappy, both of Chicago, for appellant.

Frank J. Jacobson, and Leslie Mayfield, both of Chicago, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

This is a proceeding seeking specific performance of a written agreement allegedly made between the parties wherein the plaintiff-appellant, herein called plaintiff, promised to move himself and his family from Canada to Chicago and to do certain things for the defendant, Grace R. Gregory, herein called defendant. By the terms of the agreement hereinafter fully set out, the defendant was to create a trust of her property, by the terms of which plaintiff would be the ultimate beneficiary. While this appeal was pending, the defendant died and upon the suggestion of that fact to the court Crescent P. O'Connor, as trustee, who was also executor of her estate, was made an additional party defendant. Grace R. Gregory, the deceased, defendant, a widow, was an aunt of the plaintiff and she originally came from Canada. In late 1953 or in early 1954 the defendant suggested to the plaintiff that he and his family move to Chicago. The urging of the plaintiff to move to Chicago appears to have been by letter, by personal invitation, and was strongly suggested in telephone conversations. The defendant was possessed of considerable real estate holdings consisting mostly of rental quarters rented to various tenants for use as residences. The operation, management and general supervision of the property, together with the collection of rents, apparently was very burdensome to the defendant and she sought the aid of the plaintiff in connection with the management of the property and was particularly desirous that he be present to take over her duties in her absence. At the time

these negotiations for the plaintiff to move to Chicago were in progress the defendant was describing herself as in "very poor health" and said she "wanted to get into new pastures."

The defendant, in correspondence, expressed herself as being of the opinion that her one brother and three sisters were financially secure and she described one of the sisters as being of a "grasping attitude" and apparently resented any contact with her sisters or her brother. The plaintiff was her only nephew.

The urgings on the part of the defendant to the plaintiff to come to Chicago culminated in a so-called agreement dated March 25, 1954. The agreement was, according to the testimony, prepared by the defendant after the purchase of a form in a stationery store. It was stated in the testimony that she prepared the agreement herself for the reason that its preparation by an attorney would have cost $50. The agreement as thus prepared, omitting the notarization, was as follows:

"We, Grace R. Gregory and Kenneth Banks, after talking over our present circumstances, have come to the following agreement:

"In consideration that I Kenneth Banks and family promise to move to Chicago on or about August 1st, 1954.

"1. That I Kenneth Banks is to have at least a three room apartment including; heat, gas, electricity and water, free of rent.

"2. That I Kenneth Banks is to look after the property of Grace R. Gregory, located at 63rd Place and Homan Avenue, in her absence.

"3. That I Kenneth Banks is to seek outside employment.

"4. That Grace R. Gregory is to create a Trust of her property in which she is to be the beneficiary so long as she lives and that on her demise I Kenneth Banks is to become the beneficiary.

"This agreement is not to be recorded and if it is recorded it is to become null and void.

"In Testimony Whereof, said Grace R. Gregory and Kenneth Banks have hereunder affixed their signatures and seals the day and date first above written.

(s) GRACE R. GREGORY (Seal)
(s) KENNETH BANKS (Seal)"

Thereafter the plaintiff and his family moved to Chicago and occupied an apartment in a building owned by the defendant. The complaint alleges and plaintiff testified that he always has been ready, willing and able to assist the deceased in looking after her property in her absence and that he sought and obtained outside employment and has otherwise fully performed the agreement.

After the plaintiff and his family moved to Chicago, difficulties arose between the parties and the defendant indicated she would not create the trust and ordered the plaintiff to vacate the apartment. When examined as an adverse witness, the defendant stated that the agreement was "bona fide" and that she prepared the same after consulting her attorney. Her testimony manifests the strong feelings held at the time of this litigation both toward the plaintiff and his family. Soon after she indicated that she was not going to execute a trust, the plaintiff filed his complaint for specific performance. It is necessary for a complete understanding of the issues in this case that the pleadings be examined in some detail.

The defendant filed an answer denying the material allegations of the complaint for specific performance and a counterclaim to recover money allegedly loaned to the plaintiff and to recover for the rental of the apartment. Thereafter, there was a substitution of attorneys for the defendant and, by leave of court, an amended answer and counterclaim was filed wherein dismissal of the complaint was sought on the grounds that the agreement above quoted was unilateral, was lacking in mutuality of obligation, and that it was an agreement for personal services and could not be specifically enforced. Further, it was urged that the complaint should be dismissed in that the description of the trust *res* was vague, incomplete and lacking in any description of the property purporting to constitute the trust *res*. The issue was joined by the plaintiff filing a reply.

Thereafter, the cause was referred to a master in

chancery and a motion to dismiss on the same grounds urged in the amended answer was filed and overruled by the master. The plaintiff proceeded to introduce evidence and, in accordance with an order to close his proof, closed the proofs. The defendant thereupon renewed her motion to dismiss before the master. The motion was denied. The defendant elected not to introduce any evidence but to stand on her motion. The case was certified to the chancellor and the chancellor reversed the ruling of the master and allowed the motion to dismiss on the grounds originally urged in the amended answer.

While a count for money damages at law was filed by the plaintiff, this appeal is concerned solely with the questions passed upon in the lower court relating to the equity action for specific performance.

Upon the appeal to this court, the defendant has raised the question of the jurisdiction of this court and has filed a motion to transfer to the Appellate Court on the grounds that no freehold interest is here involved. This motion of the defendant has been taken with the case.

The motion of the defendant at the close of the plaintiff's case was a procedural means of submitting the whole case to the court for a determination of the merits. In ruling on the motion the court was required to weigh the evidence offered on the part of the plaintiff. Ill. Rev. Stat. 1957, chap. 110, par. 64(5).

In determining the merits of this case on the motion, the chancellor must necessarily have determined that the agreement, if enforcible, would determine whether or not the plaintiff had a remainder interest in the property of the defendant which admittedly consists mainly of real estate. The interest thus involved is a freehold interest and this court has jurisdiction on direct appeal. (*Wloczewski* v. *Kozlowski*, 395 Ill. 402.) The defendant's motion to transfer is, therefore, denied.

We must now consider the chancellor's ruling on the

motion to dismiss. While any evidence tending to prove the plaintiff's allegation and all reasonable inferences from such evidence must be considered in the light most favorable to the plaintiff, the record. indicates that the chancellor's action was based upon a determination as a matter of law that the quoted agreement was not specifically enforceable in that it lacked mutuality of obligation, was executory in nature, and was for personal services. The court further held that as a matter of law the particulars of the agreement, and the trust to be created thereunder, were so vague and indefinite as to be unenforceable.

In order for plaintiff to be entitled to specific performance, it is primarily required that the contract, upon which his action is based, be clear and precise in its terms. These terms must be certain, and free from ambiguity and doubt. The court must be able to determine what must be done to constitute performance. (*Young* v. *Kowske,* 402 Ill. 114; *Schmidt* v. *Barr,* 333 Ill. 494; *Carson* v. *Davis,* 171 Ill. 497; *Barker* v. *Hauberg,* 325 Ill. 538.) A court has no authority to compel a party to do something different from that which he agreed to do.

We have carefully considered the agreement upon which plaintiff relies in his count for specific performance. Under well recognized rules of law we find it to be so uncertain, indefinite and ambiguous as to be incapable of being specifically enforced.

The second item of the agreement provides that Kenneth Banks is to "look after" the property of Grace R. Gregory, located at Sixty-third and Homan Avenue, in her absence. What is included in the undertaking to "look after" the property cannot be ascertained. Whether the plaintiff was to lease, insure and manage, or whether he was to be responsible for the bookkeeping and to perform odd jobs by way of repair and maintenance is not stated. The quality and quantity of the physical acts that would constitute performance on his part are matters of conjecture.

The fourth item of the agreement is even more indefinite in its attempt to provide for the establishment of a trust. The "property" to be included as the trust corpus is not identified or limited, and may or may not include the properties of all kinds belonging to Grace R. Gregory. The time at which the trust is to be created, as well as the point in time when the "property" should be ascertained is not supplied. We are unable to determine whether plaintiff is to be a beneficiary for life or for a time certain, following the demise of Grace R. Gregory, whether he shall take the corpus in fee, or when and how the trust shall terminate, and in whom the title shall finally vest in fee. The duties of the trustee, and who shall serve as trustee, are equally incapable of ascertainment. In short the provisions in relation to the creation of a trust are wholly vague and inadequate.

The court is unable, from the language of this agreement, to determine what the terms are and what each party agreed to do. Since the contract is so vague, indefinite and uncertain, it could not be specifically enforced, and the motion to dismiss count I which prayed specific performance, was properly dismissed. It is unnecessary, therefore, for this court to consider the other errors assigned.

The order of the superior court of Cook County, dismissing count I of the complaint is accordingly affirmed. As there are other issues and causes in this matter, which remain undetermined upon this record, we necessarily remand the cause to the trial court for consideration of the undetermined issues and final disposition.

*Order affirmed, and cause remanded.*